### FULLERTON *et al.* v. LEONARD *et al.*

1. When two defendants have made a joint contract with a builder for the erection of several buildings for a definite sum of money for all of them, some of which are to be placed on a lot owned in severalty by one of the defendants, and others to erected on another lot, owned in like manner by the other defendant, and a subcontractor furnishes lumber and other building material which is used for the erection of such buildings under an entire contract with the builder, and complies with the provisions of sections 5469, 5470, Comp. Laws, he is entitled

to a joint lien, until he·has been fully paid for the lumber and material furnished under such contract.

2. The statement required by section 5470, Comp. Laws, may be verified by an agent of the subcontractor, who has positive knowledge of the facts stated in the account.

(Syllabus by the Court. Opinion filed June 2, 1892.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Action to assert a joint mechanic's lien upon the premises of the defendants. Defendants objected at the trial to the introduction of any evidence,. for the reason that the complaint did not state facts sufficient to constitute a cause of action. Sustained and judgment entered for defendants. Plaintiffs appeal. Reversed.

The facts are stated in the opinion.

*Winsor & Kittredge*, for appellants.

A joint mechanic's lien can be filed where one person owns all the buildings and premises. Pennett v. Hoover, 5 Rawle, 291; Carpenter v. Leanard, 5 Minn. 155; Livingston v. Miller, 16 Abb. Pr. 377; Lumber v. Newlon, 33 N. W. 377; Lewis v. Saylors, 35 N. W. 601. Joint liens cannot be filed where no community of interests exist. Skryner v. Occidental, 9 Nev. 219; Manderville v. Reid, 13 Abb. Pr. 173.

*Wynn & Nock*, for respondents.

A party claiming the benefit of the lien law must show a strict compliance with the statute. Bank v. Winslow, 74 Am. Dec. 742; 3 Minn. 86; 1 Boone, Code Pl. 307; Poole v. Sanf, 52 Tex. 621; Kechler v. Stunner, 4 Jones & S. 337; Railroad v. McKay, 30 Ark. 682; Bottomly v. Grace, 2 Cal. 90. A single lien cannot be enforced against different properties owned by one person. Wilkerson v. Rust, 52 Ind. 172; Hill v. Ryan, 54 Ind. 118; Hill v. Branden, *Id.* 72. A joint lien cannot be enforced against different properties of different persons. Phil. Mech. Liens, § 373. The affidavit in support of the lien required by statute must be made by the party claiming the lien. Stratton v. Shoenbar, 10 Atl. 447; Am. Dig. 1890, p. 2530, § 141; Welenkomp v. Billigh, 27 Ill. App. 585.

BENNETT, J.   The appellants, at the time of the commence-
ment of this action, were dealers in lumber and other building
material in the city of Sioux Falls, S. D.   The respondents H. J.
Davenport and Rebecca Subera were the owners of the west one
third and middle one third of lots 16, 17, and 18, in block 17, Ben-
nett's addition to Sioux Falls, S. D.; H. J. Davenport being the
owner of the middle one third of said lots, and the respondent, Re-
becca Subera, being the owner of the west one third of said lots.
Respondent A. S. Leonard, prior to the commencement of this ac-
tion, entered into a joint contract with respondents Davenport
and Subera, whereby he agreed to furnish all the material and labor
and erect for said respondents a dwelling house and an outhouse on
each of the above-described pieces of property; also a barn, which
was to stand upon the center or dividing line between said property,
for which he was to receive a stipulated sum of money.   The build-
ings were erected as per contract by respondent Leonard.   There
still remains due and unpaid on this contract a large sum of money
from respondents Davenport and Subera to respondent Leonard.
On or about April 7, 1888, the appellants entered into a contract
with respondent Leonard, by which they were to furnish the neces-
sary lumber and other building material for the erection of the
above-named buildings, and for which the respondent Leonard was
to pay them the sum of $2,087.72.   The lumber and material were
furnished by them as per this contract, but the respondent Leonard
is still owing them the sum of $335.45.   For this balance the appel-
lants have filed their claim in the office of the clerk of the district
court of Minnehaha county, verified by the affidavit of the book-
keeper and agent of the appellants, and seek to assert a joint lien
upon all the land and all of the buildings for the amount of this
balance.   Upon the trial defendants objected to the introduction of
any evidence under the complaint, because it does not state facts
sufficient to constitute a cause of action, which objection was sus-
tained, and this appeal was taken from the ruling of the court on
that question.

These facts present two propositions of law for our considera-
tion:

First.  Can a joint mechanic's lien be enforced against two sepa-
rate properties owned by different individuals, based upon a sin-

gle account of lumber and material furnished to both upon a joint contract? The lien is claimed under the provisions of section 5469, Comp. Laws, which says that "every mechanic or other person, who shall do any labor upon or furnish any material  *  *  *. for any building  *  *  *  upon land  *  *  *  by virtue of any contract with the owner  *  *  *  shall have for his labor done or material  *  *  *  furnished a lien upon such building  *  *  *  and upon the lands belonging to such owner on which the same is situated, to secure payment for such labor done or material furnished." The fact that the defendants Davenport and Subera did not jointly own the lots on which the building was erected is wholly immaterial. It is the contract with the owners which is to govern the question before us. There was no separate contract with the several owners for the building of each house or the barn, nor was there, as disclosed from the complaint, a separate account for each building to be kept. But the contract was joint, and was for the entire work, and the contract with the sub-contractor with the plaintiff was of the same nature. The material was to be furnished for all the buildings for the sum specified, and not for each separately. It seems clear, then, that, as between the contractors and the owners, the buildings must be considered as one piece of work, and that the right to a joint lien can be maintained against all the buildings. The lien must have its foundation in the contract, and, if the contract be joint, the lien must be joint, or not at all. The lien must compare with the contract. That the contract was joint there can be no doubt under the allegations of the complaint. There have been several adjudications which sustain this view. In Pennock v. Hoover, 5 Rawle, 291, the right of a joint lien upon several houses, the property of the same person, was maintained under a statute which provided that "every dwelling house or building shall be subject to the payment of the debts contracted" for building it. To the same effect is Phillips v. Gilbert, 101 U. S. 721. In that case a joint lien was claimed by a general contractor on six houses and lots in the city of Washington under an act of congress which gave a lien, upon complying with certain conditions, to any person who should, by virtue of a contract with the owner of any building, perform labor

or furnish material for its erection. The validity of the lien was contested upon the ground that the claim for lien was void, because made in gross upon six separate lots, without specifically setting forth the amount claimed on each. The court held that there was nothing in this objection; that the contract was one, and related to all the buildings as an entirety; and, having been united in one contract, was to be regarded as one piece of work. See, also, Phil. Mech. Liens, § 369; Sergeant v. Denby, (Va.) 12 S. E. Rep. 402. In the cases just mentioned and cited it is true that the several lots or parcels of lands were owned by the same person, but we can perceive no distinction in principle between a case where several lots are owned by one person, or where the lots are owned by different owners, as it is not so much the different ownership as it is the contract upon which the work is to be performed that is to determine whether the lien must be joint or several. A joint lien upon several buildings, situated upon different lots, owned by the same persons, could not be maintained where a separate contract had been entered into by the owner and contractor; for by the several contract the inference would be that a separate account should be kept with each building. Not so when the contract covered several buildings to be erected for a gross amount without regard to the cost of each. So, if two or more several owners of lots or parcels of land wish to jointly contract for the erection of several buildings, to be situated upon the several pieces, for a definite and specific sum in gross for all, without regard to the cost of either one, a joint lien may be asserted upon all for any balance due for the erection of such buildings. The contract with the parties has no reference to the separate ownership, and no inference can be drawn from it that a separate account shall be kept with each building, or each person interested in the contract. If the parties had so intended, it should have been so declared at the time of making it. Phillips, in his work on Mechanics' Liens, section 374, says: "When two persons make a joint contract with a builder for the erection of two houses, one to be placed on a lot owned in severalty by one defendant, and the other on another lot owned in like manner by the other, they are both jointly liable to a mechanic employed by the contractor. It is said that the

fact that the defendants did not jointly own the lots on which the houses were erected was wholly immaterial.    They might be regarded as owners in respect to the contract," etc.    The same doctrine is held in the case of Mandeville v. Reed, 13 Abb. Pr. 173.    We therefore think that the court below erred in refusing to admit evidence under the complaint, for the reason that it did not state facts that constitute a cause of action.

Second. Can the statement required by the mechanic's lien law be verified by an agent of the lien claimant? Section 5470, Comp. Laws, says: "Every subcontractor wishing to avail himself of the benefits of this chapter shall, within sixty days after the material shall have been furnished or labor performed, file with the clerk of the district court of the county or judicial subdivision in which the building, erection or other improvement to be charged with the lien is situated a just and true account of the demand due him, after allowing all credits, and containing a correct description of the property to be charged with said lien, and verified by his affidavit." The affidavit attached to the claim in the case at bar was made by the bookkeeper and agent of the lien claimant. The contention of the respondent is that the statements should have been verified by the owner of material furnished. A literal construction of the statute will require that none but the subcontractor who wishes to avail himself of the lien can verify the account; the statute saying that the account must be "verified by his affidavit." Such a strict construction would in many instances render the lien law useless and nugatory. No corporation could make the verification, nor could large lumber dealers and lumber men having numerous and extended places of business at various points along railroads, or persons otherwise doing business through agents. Many of the transactions and contracts made would not be within the knowledge of the actual owner of the materials furnished. Neither would it be contended that it would be a reasonable construction of the statute that the verification for a partnership consisting of several persons should be made by all the members of it. A verification by any one of them would be sufficient. So it would seem that a verification by an agent, who had positive knowledge of the facts stated in the ac-

count, would be sufficient, if for no other reason than that the act of an agent, done within the scope of his authority, is the act of the principal. In the case of Williams v. Webb, 2 Disn. 432, it was held that a statute containing the words, "any person entitled to a lien under this act may make the affidavit," will not preclude an agent of the party entitled to the lien from making the oath to the account of items of material. The objection that the lien was not established, because the verification to the account filed was made by an agent of the lien claimant, is not tenable. For the reasons above stated we think the court below erred in not admitting evidence under the complaint, and the cause is reversed and remanded, to be proceeded with, not inconsistent with this opinion.