## CAWLEY *et al.* v. DAY *et al.*

1. In an action to enforce a mechanic's lien for improvements upon a homestead, the title to which was in the wife, the contract under which the improvements were made was in fact executed by the husband in his own name. The plaintiff claimed he was acting as the agent of the wife. The defendant denied this, and claimed that the contract was made for and intended to bind only himself, and that the improvements were to be made upon his credit. The several findings of the trial court were inconsistent with each other upon this point, and inconsistent with the theory either that the contract was that of the wife or that of the husband, or the joint contract of both. *Held*, that a judgment for plaintiff upon such findings should be reversed, and the case remanded for a retrial.

(Syllabus by the Court. Opinion filed Oct. 10, 1893.)

Appeal from circuit court, Pennington county. Hon. WILLIAM GARDNER, Judge.

Action to enforce a mechanic's lien on realty. Plaintiffs had judgment and defendants appeal. Reversed.

The facts are stated in the opinion.

*A. W. Bangs* and *Schrader & Lewis*, for appellants.

The complaint failing to allege the taking of the necessary steps to perfect a lien does not state facts sufficient to constitute a cause of action. C. Aultman & Co. v. Siglinger, 50 N. W. 911; 2nd Jones Liens, § 1588; Petty v. Killingsworth, 26 Pac. 305; Schillinger F. P. Co. v. Arnott, 14 N. Y. 326. Where a complaint alleges a contract with two parties and the proof shows a contract with only one, the variance is fatal and the case should be dismissed. Phil. on Liens, § 402; Thurston v. Schroeder, 6 R. L. 272; McLewee v. Hall, 103 N. Y. 641; Miller v. Schuman, 19 N. Y. 213; Southwick v. First National Bank, 84 N. Y. 420; Truesdale v. Searles, 104 N. Y. 164.

Where the findings are inconsistent with each other or conflict with the conclusions of law or the judgment, the judgment should be reversed. Pappenheim v. Railroad Co., 7 N. Y. S

679; Atchinson, T. & S. F. Co. v. Woodrock, 22 Pac. 421; Ellsworth Co. v. Maxwell, 18 Pac. 819; Hayne New Trial § 242, sub. 5; Reese v. Corcoran, 52 Cal. 495; Manley v. Howlet, 55 Cal. 96; Boys v. Shawhan, 25 Pac. 1063; Mandran v. Goux, 51 Cal. 152; Hayne New Trial, § 242, p. 723. Where an action is brought against several defendants who plead and defend jointly, the judgment must be joint and it is error to render a several judgment. 1st Black Judgments, § 210; 2nd Jones Liens, § 1614; Burroughs v. Tostevan, 75 N. Y. 567; Steinkamper v. McManus, 26 Mo. 51; 2nd Jones Liens, § 1574; Bornbeck v. Devross, 19 Mo. 38; Vreeland v. Ellsworth, 32 N. W. 374; Phil. Mech. Lien, § 62; Willard v. Magoon, 30 Mich. 273.

There can be no lien on a homestead except under a written contract signed by both husband and wife before the materials were furnished. Comp. Stat. S. D. §§ 2449, 2451; Sec. 4, Art. 21, of Const. S. D., Chap. 86, p. 202; Lyons v. Ogree, 17 S. W. 405; Sutherland v. Williams, 11 S. W. 1067.

*Sidney J. Parsons*, for respondents.

When the facts alleged in the complaint and those actually proved are so much at variance that the complaint could not be amended to conform to the evidence and not state an entirely different cause of action, the variance is fatal, but the objection must be made in the court below, and the proof must have failed to establish the cause of action in its entire scope. Jenkins v. Vermillion, 52 N. W. 1066; Johnson v. Burnside, 52 N. W. 1057; Bowman v. Bean, 23 N. W. 451; Southwick v. Bank, 84 N. Y. 420; McLewee v. Hall, 103 N. Y. 641.

Where material facts essential to uphold a judgment have not been expressly found, an appellate court will presume in support of the judgment, that such facts were found in favor of the party recovering, and would also presume that the evidence was sufficient, and will harmonize the findings if possible. Bennett v. Bates, 94 N. Y. 354; Sheddon v. Sherman, 42 N. Y. 484; Myer v. Cathrap, 73 N. Y. 315; Phillips v. Gallant, 62 N. Y. 256; Caswell v. Davis. 58 N. Y. 223; Cole v. Custer Co., 52

N. W. 1080; Habart v. Habart, 62 N. Y. 80; Cole v. Custer Co.,
52 N. W. 1088; Shepard v. McNeil, 38 Cal. 72.

A contract for the furnishing of material to be used in the
construction of a building upon a homestead, if made with the
husband alone, is sufficient to bind the property and make it
subject to a lien for such materials.    Clinton v. Kidweli, 82 Ill.
427; Phillips on Mech. Liens, 183 a.; Minor v. Moore & Owen-
ley, 53 Tex. 224; Am. & Eng. Enc. Law, Vol. 15, p. 13; Brad-
ford v. Peterson, 46 N. W. 220; McCormack v. Lawton, 13 Neb.
449; Howel v. Hathaway, 44 N. W. 1136; Phillips Mech. Liens,
Sec. 102; White v. Smith, 43 Am. 347; Kid v. Wilson, 23 Ia.
464; Jones on Liens, § 1267; Warden v. Hammood, 57 Cal. 61;
Smith v. Moore, 26 Ia. 392; Stockwell v. Carpenter, 27 Ia. 119;
Carty v. Carter, 49 Ill. 53; Jones on Liens, § 1268; Hitchcock
v. Kieley, 41 Conn. 611; Hooker v. McGlove, 42 Conn. 95; Wel-
ler v. McNabb, 4 Sweed 422; Jones on Liens, § 1385; Hurd v.
Hixon, 27 Kan. 722; Robinson v. Wilson, 15 Kan. 595; Thomp.
on Homesteads and Ex., § 372; Minor v. Moore, 53 Tex. 224;
Pope v. Graham, 44 Tex. 196; Jones on Liens, § 1383, note 4.

Kellam, J.   This was an action to enforce a mechanic's
lien against the homestead, the title to which was in the wife,
Mary E. Day.    The plaintiffs had judgment decreeing a sale of
the premises, and a personal judgment for deficiency against
defendant Merritt H. Day.    The defendants appeal.    The
claim was for improving the homestead by adding thereto heat-
ing and gas apparatus and fixtures; bath tube, hydrants, sinks,
etc.    The complaint alleged that the contract under which the
improvements were so made was made with the "defendants."
The claim for lien filed in the clerk's office, and which is at-
tached to and made a part of the complaint, says the contract
was made "with Merritt H. Day, husband and agent of Mary
E. Day."    The answer denies that Mary E. Day was a party to
the contract, but alleges that the same was in writing and was
made by Merritt H. Day for himself.    A copy of the contract

is attached to the answer as a part thereof, and upon its face is the contract of Merritt H. Day only. Plaintiffs reply that such written contract was the one under which the improvements were made, but, while it was signed by said Merritt H. Day, he was acting as the agent of his wife, Mary E. Day, and that "she knew of the improvements being made by plaintiffs to her dwelling house, and made no objections thereto, but assented to the making of the same by the plaintiffs." While this was, so far as the record shows, a voluntary reply to new matter set up in the answer, not constituting a counterclaim, and is probably not entitled to be regarded as a pleading in the case, it was treated by both sides and the trial court as a competent pleading and the question of its regularity or force is not raised in this court. We only notice it, however, as corroborative of the balance of the record in indicating the theory upon which the case was evidently tried. If these improvements were made under a contract with Mary E. Day, the conceded owner of the property, either directly or through an authorized agent, it would, of course, be sufficient, in that respect, upon which to rest a claim for lien; but, if the contract were made with Merritt H. Day, and the credit given to him, the fact that the wife knew that the improvements were being made under such contract, and assented thereto, would not necessarily bind her property. Under our statute, (Section 5469,) furnishing materials or doing labor is not alone sufficient to support a lien but it must be pursuant to a contract with the owner. If the owner contract through an agent, the agency must be proved by evidence of the same character and weight as in other cases. Of course, facts may be shown from which the agency may be inferred, without direct proof, but we are not all clear that simple knowledge by the wife that improvements are being made on her property by virtue of a contract with her husband, and upon the strength of his responsibility, ought, in the event of his nonpayment, to subject her property to a lien for the value of such improvements. She might be perfectly willing and

consent that such improvements be made, if to be paid for by her husband, but she might not be willing to consent to have them made as an expense upon and at the risk of losing her home. See Zigler v. Galvin, 45 Hun. 44; Huntley v. Holt, 58 Conn. 446, 20 Atl. Rep, 469; Lyen v. Champion, (Conn.) 25 Atl. Rep. 392. We cannot say more upon this question, as the evidence is not brought to us.

The several findings of the trial court seem to us to be inconsistent with each other and inconsistent with the theory either that the contract so made was the contract of Merritt H. Day, or the contract of Mary E. Day, or a joint contract of both. The first finding is general, and in favor of the plaintiffs upon all the issues. It has already been noticed that the complaint alleges generally that the contract was made with both defendants. The claim filed in the clerk's office, a copy of which is attached to and made a part of the complaint, states that the contract was made "with Merritt H. Day, husband and agent of Mary E. Day." It is difficult, therefore, to determine the meaning or force of the first finding. The third finding is that such agreement was made in regard to their "joint property," to-wit, their homestead, the title to which was definitely shown to be in Mary E. Day; "that in making said contract the said Merritt H. Day, husband of Mary E. Day, acted as the agent of his said wife and codefendant, and that she was aware of the contract, and knew of the making of the same, and of the doing of the work thereunder, and assented to the same, and ratified the said contract." This finding, standing alone, might be consistent with the theory that the work was done under a contract with Mary E. Day, either originally authorized or subsequently ratified by her; but the findings are immediately followed by a judgment based upon them, decreeing a sale of the homestead, and a personal judgment against Merritt H. Day for deficiency. Why should there be a personal judgment against Merritt H. Day on a con-

tract made by Mary E. Day? Somebody made and is liable on the contract, but we are unable from the record to tell who it is. With the record in this condition, we are unwilling to affirm the judgment. Justice to all concerned requires the case to be retried. The judgment is reversed, and the cause remanded for a new trial.