(15 Misc. Rep. 98.)

SMITH v. O'DONNELL et ux.

(Common Pleas of New York City and County, General Term. December 23, 1895.)

1. PLEADING—VARIANCE—TRIAL OF ISSUES BY CONSENT.
    Where parties accept, and try an action on, issues not made by the .pleadings, it will not be reversed on appeal because of the variance.
2. CONTRACT—BREACH—REFUSAL TO REDUCE TO WRITING.
    A builder is justified in suspending work on a building, where the owner, in violation of their agreement, refuses to have the contract under which the work has been commenced reduced to writing.
3. TENANTS IN COMMON—CONTRACT OF COTENANT—MARRIED WOMAN.
    A wife is not personally liable on a contract made by her husband for the erection of a building on land owned by them in common, though her ·interest in the land may, by reason of her knowledge and consent, be subjected to a mechanic's lien for the work done.

Appeal from special term.

Action by Matthew Smith against Andrew O'Donnell and Eliza O'Donnell, his wife, to foreclose a mechanic's lien. Judgment was rendered in favor of plaintiff, and defendants appeal. Modified.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Frederick E. Anderson, for appellants.

Jos. A. Burr, for respondent.

DALY, C. J. The complaint alleged an oral contract between the plaintiff and defendant Andrew O'Donnell, by which the plaintiff was to erect a building for him, and furnish the necessary material and labor therefor, for the sum of $33,000, to be paid as the work progressed; that plaintiff furnished labor and materials thereunder of the value of $2,882.87, and that said defendant neglected and refused to perform the agreement on his part, in that he prevented

and stopped the plaintiff from continuing and completing, and refused to allow him to complete, and that plaintiff has duly performed said agreement on his part, and is ready and willing to perform; and that the aforesaid sum of $2,882.87 remains unpaid, and is due and owing,—together with the customary allegations as to filing, etc., of a mechanic's lien. The answer admitted the agreement to erect the buildings, but alleged that the payment was to be $32,000, for which the defendant was to give his notes; denied the allegations of work done, and the value thereof; and alleged an abandonment by plaintiff of the contract before any payment or note was due. The referee found that a verbal contract had been entered into between the parties for the erection of the building at an agreed price, payable in installments, the times and amounts of which were to be settled between the parties, and when this was done that the entire contract was to be reduced to writing and signed; that before such payments were agreed upon the plaintiff, at defendant's request, began the performance of the work of erecting the building; that thereafter the parties agreed verbally as to the amounts and times of payment of the installments, but defendant, though repeatedly requested by plaintiff, refused to reduce the contract to writing; that plaintiff suspended work upon the building, but offered to proceed upon the execution of the writing; that defendant refused and requested plaintiff to stop the erection of the building, and render his bill for the value of the labor and materials furnished; that plaintiff had then performed labor and furnished materials of the value of $2,339.54; and that he presented a bill therefor to defendant, as directed, but payment was refused. Judgment of foreclosure and sale, and for a personal judgment against both defendants, was rendered.

The evidence fully sustains the finding of the referee, and the allegation of the complaint that the defendant stopped further work upon the building, and so prevented the plaintiff from continuing and completing his contract; for, after the express order of the defendant to stop work upon his premises, the plaintiff could not lawfully go thereon to prosecute it. The finding, therefore, is according to the allegations of the complaint. But there is a further finding that plaintiff suspended work before he was directed to do so, and defendant insists that this supports his defense of abandonment, and that a new cause of action was introduced by the evidence of a justification for such suspension, in the failure of the defendant to execute a written contract, no such agreement and breach being alleged in the complaint. It is clear, however, from the case, that the parties to the action practically disregarded the pleadings, and litigated the new issue raised by the evidence, as to the stipulation for a written contract, and the breach of such stipulation. No objection was offered to the evidence introduced by plaintiff on these points at the outset of the case, and the litigation upon the issue was continued until the defendant unreservedly admitted the facts both as to the agreement for a writing, and his refusal to make it. The findings of the referee were therefore upon issues accepted by the parties, and tried before him. There was not only no objection to the evidence,

but no motion based upon a variance between the complaint and the proofs, so that plaintiff had no opportunity to ask for an amendment of the complaint. It is to be observed that evidence of an agreement for a written contract was not necessarily receivable, under the pleadings, and therefore defendant's failure to object to it must be deemed an acceptance of the new issue.

As to the sufficiency of the justification for plaintiff's suspending the work, it was the undoubted right of the parties to stipulate for the preparation and execution of written evidence of their agreement as to the times and amounts of the payments to be made as the work progressed; and a refusal to carry out that stipulation was a breach of a material part of the contract, evidenced bad faith on defendant's part, and afforded reasonable ground for apprehension that payments might not be made as earned, and justified plaintiff's suspending work until the contract was observed by defendant. Ordinarily, where there is a stipulation for a writing to be prepared after the terms of the agreement are fixed and settled, there is no contract until the writing is made; but in the present case the contract was complete, except as to the times and amounts of payments, and performance was commenced on plaintiff's part, by direction of defendant, upon the faith of the stipulation to settle the amounts and times of payment by a writing which should put them beyond question. The agreement for the writing became, therefore, one of the terms of the oral agreement, breach of which justified the plaintiff in stopping. Pratt v. Railroad Co., 21 N. Y. 305; 3 Am. & Eng. Enc. Law, 854. Plaintiff was not bound to go on and earn the first payment under the oral agreement, which defendant had, by his own default, left himself at liberty to dispute. It is contended that the plaintiff was bound to tender a written contract to the defendant for his signature, in order to put him in default. But defendant's refusal to make a writing rendered tender unnecessary, and there was evidence that defendant was to prepare the contract.

The claim of the plaintiff is for the value of the work done at the time of the suspension, and of the stoppage of the work by defendant, not for any loss of profits. To this he was entitled, and the referee has found such value, upon conflicting evidence. Objections are made to many items of the plaintiff's original claim, which, however, were disallowed by the referee, and the finding of the sum due is supported by satisfactory evidence.

The exceptions to which attention is called by appellants' brief do not show error. Particular stress is laid upon the ruling sustaining the objection to the question put to the plaintiff, on cross-examination, as to whether any of the work and materials for which he claims was furnished to him upon any credit other than his own. It was clearly immaterial on what other credit he used to get his labor and material. The inquiry was not whether they were obtained exclusively on other credit.

At the close of the plaintiff's case the parties entered into a stipulation as to the exact amount of excavation, stonework, and

concrete which were done upon the premises. Subsequently defendant asked to be relieved from the stipulation of "his former attorney," as "unwarranted, indiscreet, and improper," and upon the ground of obvious mistake. The motion was denied, and an exception taken. The decision cannot be questioned, for no evidence was offered showing that the stipulation was entered into unadvisedly.

The only valid objection to the decision of the referee is the award of a personal judgment against the defendant Mrs. O'Donnell. The complaint alleged a contract with her husband only, and such is the finding of the referee. Her knowledge and consent to the doing of the work subjected her interest in the premises, she being a tenant in common with her husband, to the plaintiff's lien, but did not authorize a personal judgment, as she was in no event personally liable upon the contract made by her husband. The judgment must therefore be modified, as to her, by providing in the fourth paragraph that the defendant Andrew O'Donnell only became, and now is, indebted to the plaintiff, and, in the fifth paragraph, that the plaintiff is entitled to recover from the defendant Andrew O'Donnell only, and, in the seventh paragraph, that the defendant Andrew O'Donnell only pay any deficiency that may be found due, and as so modified will be affirmed, with costs against the defendant Andrew O'Donnell, but without costs against the defendant Eliza O'Donnell. All concur.