## TOM SWEENEY HARDWARE CO. V. GARDNER *et al.*

1. Findings of fact by the trial court will be presumed correct on appeal, unless the court is satisfied that they are against the clear preponderance of the evidence.

2. Where a co-tenant not only knew that certain repairs necessary to the preservation of the property were being made, but assented to and approved of them, and by her statements induced the contractor to enter into the contract with her co-tenant therefor, her interest in the property was subject to a mechanic's lien for such repairs, though she did not in terms become a party to the contract.

HANEY, J., dissenting.

(Opinion filed June 8, 1904.)

Appeal from circuit court, Pennington county; Hon. LEVI McGEE, Judge.

Action by the Tom Sweeney Hardware Company against Charlotte Gardner and others. From a judgment in favor of plaintiff, defendant Gardner and certain of the other defendants appeal. Affirmed.

*William Gardner* and *A. K. Gardner,* for appellants.

Our statute restricts the right to persons who do labor or furnish material, "by virtue of any contract with the owner, his agent, trustee, contractor, or subcontractor." Hence to be entitled to a lien, it is necessary not merely to perform labor or furnish materials, but to do it by virtue of the prescribed contract. "It is the contract with the owners which is to govern the question. * * * The lien must have its foundation in

the contract.   The lien must compare with the contract.'' Fullerton v. Leonard, 3 S. D. 121; Pinkerton v. LeBeau, 3 S D. 447; Freeman on Co-tenancy, sec. 47; Cawley v. Day, 4 S. D. 221; Des Moines M. & S. Co. v. Tilford Milling Co., 9 S. D. 542.

As a general rule no co-tenant has, by virtue of the relation of co-tenancy, any authority to bind his companions in interest by any contract whether relating to the joint property or otherwise.   Washburn on Real Prop., 1 p * 416 and 44; Blackstone Book II, p. 183 and 191; Coke on Littleton, 200 b.; Storey's Equity, § 1235; Peabody v. Minot, 40 Pick. 329; Calvert v. Aldrich, 99 Mass. 78; Davidson v. Jennings, 48 L. R. A. 340.

The right to make repairs at common expense unless they were necessary, and without a request to join in making them, never existed.   Calvert v. Aldrich, 99 Mass. 78; Mumford v. Brown, 16 Am. Dec. 441; Taylor v. Baldwin, 10 Barb. 590; Freeman on Co tenancy, § 320; Conrad v. Starr, 50 Ia. 481; Thurston v. Dickinson, 46 Am. Dec. 56; Coffin v. Heath, 6 Met. 79, Kent IV 370.

*Charles J. Buell* and *Schrader & Lewis*, for respondent.

If a co-tenant has assented to or authorized improvements to be made he is answerable therefor, and a lien exists against his property for the amount thereof against him and his grantees with notice.   Freeman Co-tenancy § 262; Baird v. Jackson, 98 Ill. 78; Smith v. Donnell, 36 N. Y. S. 480; Alexander v. Ellison, 79 Ky. 148; Tiffany Modern Law Real Property, Vol. 1, § 171, and cases cited;   Dalton v. Tindolph, 87 Ind. 490; Alden v. Carleton, 81 Me. 358; Beran v. Thackara, 143 Pa. St. 182.   Such consent may be expressed or implied.

Tiffany M. L. R. P., § 171; Baird v. Jackson, 98 Ill. 78; Reed v. Jones, 8 Wis. 421.

The modern rule is that as to necessary repairs a co-tenant is liable for his portion, even though upon request he refuses to consent to the improvement. Tiffany Vol. i, § 171, and cases cited; Farrand v. Gleason, 56 Vt. 633; Ward v. Ward, 40 W. Va. 611; Alexander v. Ellison, 79 Ky. 148; Beatty v. Bordwell, 91 Pa. St.

In making necessary repairs a co-tenant is the agent of his co-owner.

Corson, P. J. This is an action to enforce a mechanic's lien for repairs upon property situated in Rapid City, known as the "Lakota Bank Building." The case was tried by the court without a jury, and its findings of fact and conclusions of law were in favor of the plaintiff, and the defendant Charlotte Gardner, C. S. McLaury and J. L. McLaury have appealed to this court.

The court found that from the 27th day of April, 1895, to December 14, 1895, Ernestine Flormann and Charlotte Gardner were the owners in common of the said property, each owning a one-half interest; that on the 27th day of April, 1895, the plaintiff entered into a contract with the defendant Ernestine Flormann, with the knowledge, consent and approval of the said Charlotte Gardner, for replacing a roof upon the said building, at the price of $575, and, pursuant to said contract, and with the knowledge, consent and approval of the said Charlotte Gardner, did do and perform certain extra work of the value of $42.70, amounting in all to the sum of $617.70, of which amount the sum of $302.50 has been paid, leaving a bal-

ance of $315.20 unpaid; that at the time of making said contract the said building was being damaged by reason of the roof leaking, which if allowed to continue would soon have rendered it untenantable by reason of its condition, and the repairs made by plaintiff were necessary for the preservation of said building and property; that on the 25th day of January, and within 60 days after the completion of the said repairs, the plaintiff duly filed a notice of its lien, in writing, in the office of the clerk of courts, as required by law. And the court concludes that the plaintiff is entitled to a judgment against the defendants Ernestine Flormann and Charlotte Gardner for the sum of $315.20, with interest from December 14, 1895, at the rate of 7 per cent.; that the plaintiff has a lien upon the one-half interest in the said property which belonged to Charlotte Gardner, for the balance due, with costs and disbursments of the action; that the undivided one-half interest in the said property owned by the said Charlotte Gardner as aforesaid be sold to satisfy the said lien in the manner provided by law. It is contended by the appellants that the findings of the court are not supported by the evidence, and that the court's conclusions of law are unsupported by the findings, in that it is found by the court that the contract for the repairs was made by the plaintiff with Robert Flormann, who was the agent of Ernestine Flormann, his wife, and that the said Charlotte Gardner was not a party to the said contract, and hence is not liable to this action.

The findings of the trial court are presumptively correct, and it is only when this court is satisfied that there is a clear preponderance of the evidence against such findings that such presumption will be overcome and the decision of the trial

court reversed.   Randall v. Burk Tp., 4 S. D. 337, 57 N. W. 4. Notwithstanding there is a conflict in the evidence in this case, we are not satisfied that the same preponderates against the findings, or that the court's conclusions of law are not fully supported by the findings.   Under the decisions of this court, therefore, we cannot reverse the judgment of the trial court unless that court erred in its conclusions of law, and we are of the opinion that the court committed no error in such conclusions.

It is insisted by the respondent that, independently of any contract on the part of Mrs. Gardner, she is liable as a tenant in common for her proportion of the expenses of repairs made upon the common property to preserve the same, and that the modern rule is that, as to necessary repairs for the preservation of the property, a co-tenant is liable for his proportion of the expenses, and his interest in the property will be bound for his part of the expenses of such repairs.   It is further insisted that, while it is true that ordinarily one co-tenant is not authorized to bind another co-tenant by any contract which he may make in regard to the property held in common, necessary repairs made in order to preserve the property is one of the exceptions to the general rule, and the following cases are cited in support of this position:   Baird v. Jackson, 98 Ill. 78; Smith v. O'Donnell (Com. Pl.), 36 N. Y. Supp. 480; Dalton v. Tindolph, 87 Ind. 490; Farrand v. Gleason, 56 Vt. 633; Ward v. Ward's Heirs, 40 W. Va. 611, 21 S. E. 746, 29 L. R. A. 449, 52 Am. St. Rep. 911; Beaty v. Bordwell, 91 Pa 438.   In the view we take of the case it is not necessary to decide that question, as there are other facts and circumstances found by the court which, taken in connection with the fact that Mrs. Gard-

ner was a co tenant, and that the repairs were necessary to preserve the property, would render her interest in the property liable for her proportion of the expenses of such repairs. Mrs Gardner not only knew that the repairs were being made, but, in effect, assented to and approved of them. While she did not in terms become a party to the contract, she fully recognized the necessity of such repairs for the preservation of the property. By her statements she induced the plaintiff to enter into the contract with the Flormanns, which it seems it would not have entered into except for these statements. We are clearly of the opinion, therefore, that under the findings Mrs. Gardner is liable for her proportion of the expenses, and her interest in the property was properly chargeable therewith.

Appellants have called our attention to the cases of Pinkerton v. LeBeau, 3 S. D. 447, 54 N. W. 97; Fullerton v. Leonard, 3 S. D. 121, 52 N. W. 325; Cawley v. Day, 4 S. D. 221, 56 N. W. 749; Des Moines M. & S. Co. v. Tilford Milling Co., 9 S. D. 542, 70 N. W. 839—as supporting their contention. The case at bar is clearly distinguishable from the cases above referred to, in that it is found by the court that the repairs made were with the knowledge, consent, and approval of Mrs. Gardner, and that such repairs were necessary for the preservation of the common property.

The judgment of the circuit court and order denying a new trial are affirmed.

HANEY, J., dissents.