DISBROW & COMPANY, APPELLANT, v. MILDRED V. PETERSON ET AL., APPELLEES.

287 N. W. 220

FILED JULY 21, 1939. No. 30549.

*De Lamatre & De Lamatre,* for appellant.

*A. C. R. Swenson, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

This is an action for the foreclosure of a mechanics' lien. The plaintiff is a subcontractor who furnished millwork to a contractor in the erection of a duplex house. The defendants are the contractor and the owner of the property. The case was tried, and at the conclusion of plaintiff's case, the defendant Peterson, owner of the property, moved to dismiss the cause as to her. The trial court sustained the motion and plaintiff appeals. The questions presented on appeal involve only the right of the plaintiff to a lien on defendant Peterson's property.

The defendant contractor had built similar buildings for others, and, with minor changes, was to build the same building for the defendant Peterson. Plaintiff had furnished the millwork for the prior construction, and orally agreed to furnish the same millwork for the job in question at the agreed price of $1,050. Certain extras were also furnished which do not alter the question here presented. Plaintiff furnished materials for the job and made final delivery of all items, except two window screens, on October 30, 1936. On October 30, 1936, plaintiff billed the contractor for the balance due under the estimate of $1,050, explaining, however, that such statements were often sent out ahead of full delivery for the convenience of the contractor in making estimates and collections. The two screens were a part of the items making up the $1,050 total. The last item of extras was delivered, and plaintiff billed the contractor therefor on November 12, 1936. On May 6, 1937, the defendant delivered two window screens to the premises. On July 1, 1937, plaintiff filed the mechanics' lien, which it now seeks to foreclose. Plaintiff testified that these screens were within the original contract, and they were not de-

livered with the other millwork because not on hand, and that had they been on hand they would have been delivered in October. That the delivery of these two screens had not been made was noted in plaintiff's records. Plaintiff did not deliver merchandise except upon order. On May 6, 1937, the contractor ordered the screens delivered, and that was done. Plaintiff did not deliver the screens prior to that time because the contractor had not ordered them sent out. Had they not been so ordered, they would not have been delivered. There is no showing that the defendant Peterson knew that the screens were within the contemplation of plaintiff's proposal to furnish millwork to the defendant contractor, or that the screens had not been delivered, or the job not completed, or that the defendant Peterson requested that the screens be delivered to her property. At the time of delivery the house was evidently complete and was being occupied.

Under these circumstances, is plaintiff entitled to a lien?

Under the provisions of section 52-102, Comp. St. 1929, the statement of the amount due the subcontractor must be filed within sixty days from the furnishing of such material. It must be conceded that the plaintiff has no lien unless the delivery of May 6, 1937, brings plaintiff's claim within the statute. "* * * the risk of all payments made to the original contractor shall be upon the owner until the expiration of the sixty days" provided in section 52-102, during which time the statement for the lien may be filed. Obviously, after sixty days have elapsed following the last delivery, the owner can pay the contractor in safety. It is clearly the purpose of the statute to protect the diligent subcontractor if he acts within a specified and limited time.

This court held in *Buchanan v. Selden,* 43 Neb. 559, 61 N. W. 732, that where more than sixty days intervene between two items of a lien account, the presumption is that all the items following the hiatus were furnished under a separate contract. While the screens in this case might have been within the contemplation of the plaintiff and the contractor as a part of the original contract *when made,*

it is clear from the plaintiff's testimony that the screens never would have become a part of that job had they not been ordered delivered in May, 1937, and that their delivery to plaintiff's premises resulted, not from the original agreement to furnish them, but from the contractor's order for them in May, 1937. Plaintiff concedes that the time for filing mechanics' liens cannot be extended by tacking one contract to another. *Walker v. Collins Construction Co.*, 121 Neb. 157, 236 N. W. 334.

It is obvious that the statute does not contemplate a lien under the circumstances here shown. "If the time which is restricted by the statute can be thus indefinitely extended by acts of this kind, the 60-day limitation fixed by the legislature in which to file this class of liens can and will be utterly and completely defeated, so that in every case where a right to file a lien has ever existed, the title to the property may for an indefinite period remain in an unsettled and not ascertainable condition, with reference to the character and extent of the mechanic's liens which may be claimed against such property." *Gem State Lumber Co. v. Witty*, 37 Idaho, 489, 217 Pac. 1027.

"After a contract is substantially completed there must be no unnecessary or unreasonable delay under all the circumstances in fully completing the work, and the time for filing a lien cannot be extended by a delay for a considerable time to do a small piece of work necessary to full completion." 40 C. J. 198, and cases there cited.

The decree of the trial court is affirmed.

AFFIRMED.