F. H. PEAVEY & COMPANY, Appellant

v.

WHITMAN et al., Respondents

(146 N.W.2d 365)

(File No. 10195. Opinion filed November 16, 1966)

**Churchill, Sauer & Manolis,** Huron, for plaintiff and appellant.

**Gallagher & Battey,** Redfield, for defendants and respondents.

WINANS, Circuit Judge.

The plaintiff brings this suit to obtain a judgment against the defendants, E. J. Perry and Mary Elizabeth Perry, for the sum of $8,590.99, with interest from August 27, 1957, for various building materials and supplies furnished by plaintiff to the defendant, Whitman, at his instance and request, between the dates of May 14, 1956 and June 4, 1957, inclusive, for the construction of a dwelling for the defendants Perry, and to foreclose a mechanic's lien against said property after determining the priority of lienholders.

Defendant Whitman is the general construction contractor of said dwelling. No personal judgment was sought against him as he had been adjudicated a bankrupt.

The mechanic's lien and its validity, which is the real subject matter of this suit, was filed on August 30, 1957 in the office of the Register of Deeds of Spink County, South Dakota. This is within 90 days after furnishing the item of material in the filed lien, claimed to be June 3, 1957.

The defendants Perry admitted certain of the items of supplies and materials in the construction of their dwelling, but contended that the dwelling was substantially completed prior to February 10, 1957 at which time they took possession of the premises and moved into the same, and that the dwelling was completed no later than on or about March 22, 1957; they also contended among numerous other defenses, that such items furnished by plaintiff subsequent to March 22, 1957 were not items supplied by plaintiff through defendant Whitman, pursuant to any contract between Whitman and Perry for the original construction of said dwelling but rather, such materials as were

furnished by plaintiff after March 22, 1957, were furnished pursuant to a new and separate contract and the mechanic's lien was not filed within 90 days after the furnishing of the last item of said building materials and supplies by plaintiff on the prior or original construction contract.

It appears from the record herein that defendants Perry employed an architect to prepare plans and specifications for construction of their home. Plaintiff's manager and defendant Whitman prepared a material list to determine cost of materials, and defendants Perry then contracted with Whitman to build the house according to such plans and specifications. The new home was occupied by the 10th day of February 1957 and was then substantially complete. In April of 1957 Perry discovered the asphalt shingles installed on the roof of their residence rippled from high winds and discussed this condition with the architect and defendant Whitman, the contractor. They advised that the shingles should be glued to the roof and that he should "hire somebody" to get it done. Subsequently and following this conversation, the glue and materials were purchased from plaintiff on May 31, 1957 and June 3, 1957, as hereafter related, for the purpose of gluing down the shingles and such work was thereafter performed.

At all times herein relevant, SDC 39.0708 provided: "The lien shall cease at the end of ninety days after doing the last of such work, or furnishing the last item of such skill, services, material, or machinery, unless within such period a statement of the claim therefor be filed with the register of deeds".

■ The lien absolutely terminates unless such filing is made within the prescribed time. Botsford Lumber Co. v. Schriver, 49 S.D. 68, 206 N.W. 423.

The lien statement contained charges for material furnished for the Perry residence on May 31 and June 3, 1957, for adhesive used to·stop the shingles from rippling in the wind in the total amount of $47.87. The court found that these two items were furnished under a new and independent contract, and that the defendants Perry employed Ken Sjolentes, foreman for the

contractor, defendant Whitman, to do the work during his off hours, for which they paid extra to Whitman for the foreman's benefit. The court also found that it was not established that the invoice of materials claimed to have been furnished June 4, 1957 was used on the dwelling. The court also found that plaintiff furnished materials to said contractor Whitman for the construction of the Perry dwelling commencing May 14, 1956 continuously until March 22, 1957.

The judgment provided a lien in the amount of $47.87 with interest from August 27, 1957 and costs in the amount of $161.61, totaling $209.48, and provided for foreclosure against defendants' Perry dwelling property.

The plaintiff appeals this determination by the court. The assignments of error by plaintiff primarily involve the court's determination that plaintiff supplied materials to defendant Whitman for defendants Perry under two different contracts, one for the construction of the dwelling, from May 14, 1956 through March 22, 1957 and one for' gluing down the shingles, from May 31, 1957 to and including June 3, 1957, and whether plaintiff is bound by the second contract under all the circumstances. There was no argument as to the shingle gluing being an extra for which additional charges were justified. As to the issue of whether there was a second contract entered into between defendants Perry and Ken Sjolentes to glue the shingles on the dwelling, this is a question for the trier of the fact. In this case it was the trial judge who made such determination. There is evidence in the record to support such finding and there is no preponderance of evidence against such finding: therefore, it will not be disturbed by this court. Botsford Lumber Co. v. Schriver, supra, and cases therein cited, 49 S.D. page 75(5), 206 N.W. 423. This court in the case of Ward v. Melby, 82 S.D. 132, 142 N.W.2d 526, at page 528 states the rule as follows: "Whether a party having the burden of proof on an issue has sustained it is determined by the trial court, Hilde v. Flood, 81 S.D. 25, 130 N.W.2d 100, as is the question whether the proof in a given case measures up to the required degree of persuasiveness. Brown v. Warner, 78 S.D. 647, 107 N.W.2d 1. In either situation we may disturb the trial court's findings only if the evidence preponderates against

its determination. A careful examination of the record herein convinces us we are unable to do so in this case. The record when viewed in a light favorable to the court's determinations furnishes ample support for its findings."

The trial court in this case accepted Dr. Perry's version of a second contract with a third person dealing with the fastening of the shingles, and we are in no position to say that the trial judge was not at liberty to believe him.

■ Under the findings which the court made, the last item furnished under the building contract with defendant Whitman was on March 22, 1957; the other items in the lien statement were furnished pursuant to the second contract with Sjolentes on May 31 and June 3 of 1957. The last item of material on said lien statement under date of June 4, 1957 in the amount of 69 cents was not established as being used on the dwelling. It follows that the lien was not filed within the 90 day period from the date defendant Whitman completed his work on the house early in the spring. It was filed in time to cover the second contract and the two items charged thereunder.

■ "Where labor or materials are furnished under separate contracts, the contracts cannot be tacked together so as to enlarge the time for filing a lien for what was done or furnished under either, but a lien must be filed for what was done or furnished under each contract within the statutory period after its completion." 57 C.J.S. Mechanics' Liens § 144c(2).

The second issue for determination on this appeal is narrowed to a consideration of whether the record supports the finding of constructive knowledge of the plaintiff of the second contract with the third person.

"It is generally agreed that if the materialman has actual knowledge that the project for which he furnishes material to the contractor is being constructed under two or more distinct contracts between the owner and the contractor, he must act accordingly in filing his lien claim, and must file his lien claim for materials entering

into the performance of the first contract within the statutory time after the completion of that part of the project covered by such contract. Similarly, it is rather generally agreed that if the particular circumstances are such as to put the materialman on notice of the existence of more than one contract between the owner and the contractor, he must file his lien claim accordingly, within the statutory period after the completion of the first contract, in order to perfect a lien for the materials used in carrying out that contract. According to a substantial number of the cases, however, if the materialman does not know of the existence of more than one contract between the owner and the contractor, and the circumstances are not such as to put him on notice of that fact, and he himself has furnished the materials to the contractor under one contract or continuing arrangement, his single lien claim for all of the materials furnished the contractor for the particular project will be timely as to all the items of materials if filed within the statutory period after the furnishing of the last item thereof, notwithstanding that at the time of such filing more than the statutory time has elapsed since the completion of the work called for by the first of the principal contracts or since the furnishing of the last of such items entering into the performance of that part of the work." 36 Am.Jur., Mechanics' Liens, § 140, 1966 Cumulative Supplement.

In a case where the plaintiff admitted that defendants pleaded and proved two contracts and an interval of five and a half weeks after delivery of materials made on May 2, other materials of like nature were delivered by plaintiff to defendants' premises which were used under the second contract, the court held, "While this lapse of time is referred to as not being unreasonable or unusual, from the nature of the materials used and the work performed under the contract, we conclude that the materialman had sufficient notice to place the plaintiff in a position to ascertain the facts with reference to the two contracts, had it used reasonable diligence". Ideal Cement Stone Co. v. Dohse, 145 Neb. 246, 16 N.W.2d 151.

It appears from the findings made by the court, which findings have ample support in the evidence, that defendants Perry moved into their home in the forepart of February, 1957, and that the roof of such home was installed by the contractor with materials furnished by plaintiff prior to the time defendants Perry moved into the home, and it further appears that plaintiff's manager made twenty visits to the site where the home was constructed, helped figure the material list, had knowledge when the defendants Perry moved into the dwelling, and was generally informed as to all stages of construction.

The evidence further showed that the shingles used in the roof of said dwelling were of the type and weight prescribed by the architect and included in the material list figured by plaintiff for defendant Whitman to assist him in his bid.

The evidence further supports the court's finding that following substantial completion of the dwelling on February 18, 1957 approximately three and one-half months passed before the defendants Perry employed Ken Sjolentes, who was construction foreman for defendant Whitman, to stick down the shingles, and before he acquired the material therefor. It was this employment which was the second contract, as found by the court.

Bearing further upon plaintiff's knowledge of the completion of the house, the record establishes that the manager of plaintiff's lumber yard advised the plaintiff as early as January of 1957 to file a lien against the Perry premises and he advised plaintiff repeatedly thereafter to file on the Perry house.

The lien statement filed herein shows that after March 22, 1957 no items were furnished to defendant's Perry home until May 31, 1957. In Disbrow & Co. v. Peterson, 136 Neb. 719, 287 N.W. 220, the court holds, "It is clearly the purpose of the statute [mechanic's lien statute] to protect the diligent subcontractor if he acts within a specified and limited time."

We think that the particular circumstances were such as to impute to the materialman constructive notice and put him on his inquiry as to the existence of the second contract.

Affirmed.

RENTTO, P. J., BIEGELMEIER, HOMEYER, JJ., and SMITH, Commissioner, concur.

SMITH, Commissioner, sitting for HANSON, J., disqualified.

WINANS, Circuit Judge, sitting for ROBERTS, J., disqualified.