**SIOUX FALLS CONSTRUCTION COMPANY, d/b/a Black Top Paving Company, Plaintiff and Appellant,**

v.

**Douglas G. BRUNS, Janet M. Bruns, Michael F. Burke and Home Federal Savings and Loan Association of Sioux Falls, South Dakota, Defendants and Appellees.**

No. 15589.

Supreme Court of South Dakota.

Considered on Briefs Sept. 2, 1987.

Decided March 2, 1988.

Laird Rasmussen of Moore, Rasmussen, Kading & McGreevy, Sioux Falls, for Sioux Falls Const. Co.

Stephen Palmer of Sioux Falls, for Bruns.

John R. McDowell of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for Burke.

G.J. Danforth of Danforth, Danforth & Johnson, Sioux Falls, for Home Federal Sav. & Loan Ass'n.

MILLER, Circuit Judge.

Sioux Falls Construction Company, d/b/a Black Top Paving Company, appeals the trial court's decision that a mechanic's lien it filed did not apply to property owned by Douglas and Janet Bruns. We affirm.

The pertinent facts of this case, which are not in dispute, are as follows:

At some time prior to June 1978, Hills Brothers Construction Company, as a general contractor, entered into three separate contracts with the individual owners of three separate tracts of land. The purpose of these contracts was to construct a twelve-plex on each lot. These three lots are situated adjacent to one another and are designated as 3600, 3700, 3708 South Willow. Since January 1978 the lot designated as 3600 South Willow has been owned in fee by Douglas and Janet Bruns.

On June 13, 1978, Hills Brothers Construction accepted the Sioux Falls Construction's proposal to do black-topping on the three lots. Sioux Falls Construction alleges that at the time it entered into this contract, and during the time the paving was being done, it had no actual knowledge that each tract of land was owned by a separate owner, and that Hills Brothers Construction was working under three separate and distinct contracts.

Upon Hills Brothers Construction's request, Sioux Falls Construction completed the northern most part of the project (lot 3600) first. The completion date of this work was on or before September 3, 1978. In September or October of 1978, Sioux Falls Construction went back and finished black-topping the other two twelve-plexes. This work was completed on November 3, 1978. On February 1, 1979, Sioux Falls Construction filed a mechanic's lien with the register of deeds. This filing of a lien was to incorporate the black-topping for the three twelve-plexes.

Although Hills Brothers Construction was paid for the work done on lot 3600, payment was not forthcoming to Sioux Falls Construction which then commenced this action to foreclose on its mechanic's lien against the real property owned by the Brunses. The trial court held that pursuant to SDCL 44–9–15,* Sioux Falls Construction had failed to file its mechanic's lien within 120 days of completing the work on lot 3600, and, therefore, the lien was invalid.

Sioux Falls Construction contends that the trial court should have held that the mechanic's lien filed on February 1, 1979, related back and incorporated the work done at lot 3600, even though the work had been completed almost five months prior to the date of the filing. Sioux Falls Construction contends that because the black-top work was done pursuant to a single contract with a general contractor, and that the project was one continuous and connected operation, and that it had no actual knowledge of the general contractor's separate contracts with the different owners, only one filing should be required.

---

* SDCL 44–9–15 provides:

The lien shall cease at the end of one hundred twenty days after doing the last of such work, or furnishing the last item of such skill, services, material, or machinery, unless within such a period a statement of the claim there-fore be filed with the register of deeds of the county in which the improved premises are situated, or of the county to which such county is attached for judicial purposes, or if the claim be under the provisions of subdivision (2) of § 44–9–1, with the secretary of state.

While it is the law of this state that where the process of construction and delivery of items is reasonably continuous, a single lien statement may be made to include all items contributing to such continuous transaction, *Botsford Lumber Company v. Schriver,* 49 S.D. 68, 206 N.W. 423 (1925); *In re Sepco, Inc.,* 36 B.R. 279 (Bkrtcy.1984), this court has never held that this rule governs the factual situation where work is done on separate parcels of property, under different ownership, pursuant to separate and distinct contracts. *See Fullerton v. Leonard,* 3 S.D. 118, 52 N.W. 325 (1892).

Sioux Falls Construction has cited to the case of *F.H. Peavey & Co. v. Whitman,* 82 S.D. 367, 146 N.W.2d 365 (1966), for the proposition that a materialman must have actual knowledge that the project for which he furnishes material to the contractor is being constructed under two or more distinct contracts prior to his being required to file separate mechanic's liens. Their reliance on the F.H. Peavey case is misplaced. *F.H. Peavey, supra,* is distinguishable from the case at bar because it involved multiple contracts with one landowner. Here we are dealing with multiple contracts with different owners.

Sioux Falls Construction is requesting that this court expand our current mechanic's lien law to include those situations where a subcontractor deals exclusively with the general contractor, has no knowledge that the general contractor is working under separate contracts, and the separate parcels have different ownership. This we cannot do.

It has been stated concerning mechanic's liens:

> The character, operation, and extent of the statutory lien must be ascertained from the statute creating and defining it. *Such statute cannot be amended or extended by judicial construction to meet a situation not provided for or contemplated thereby. In such a case the remedy is legislative. The court it has been said, should not enlarge the scope of the mechanic's lien law by judicial construction,* even though this might serve

to meet changed methods and conditions in construction work generally; rather the wisdom and necessity of so doing should be determined by and left to the legislature. (emphasis added)

53 Am.Jur.2d, Mechanic's Liens, § 18 (1970).

In *Keeley Lumber & Coal Co. v. Dunker,* 76 S.D. 281, 77 N.W.2d 689 (1956), this court acknowledged that a mechanic's lien is purely a creature of statute. SDCL 44–9–20, which provides an exception to the general filing requirements of Chapter 44–9, reads as follows:

> A lien holder who has contributed to the erection, alteration, removal, or repair of two or more buildings or other improvements situated upon or removed to one lot upon or to adjoining lots *under or pursuant to the purposes of one general contract with the owner* may file one statement for his entire claim, embracing the whole area so improved; or if he so elect, he may apportion his demand between the several improvements, and assert a lien for the proportionate part upon each, and upon the ground appurtenant to each respectively. (emphasis supplied)

The trial court held that the language, "with the owner" contained in SDCL 44–9–20, meant that the contract had to be with one common ownership. It is this court's belief that the trial court was correct in its interpretation.

Sioux Falls Construction urges that the trial court's application of this statute to the case at bar is not consistent with the real world of construction. However, the court must take the statute as it finds it and cannot depart from the plain meaning of the words of the statute. 53 Am.Jur.2d, Mechanic's Liens, § 18 (1970). The court cannot read into a statute a theory of recovery which is at variance with the statute itself and has no power to extend the mechanic's lien law to cases beyond its obvious designs and plain requirements. Any expansion of our current mechanic's lien law should be left to our legislature.

Affirmed.

MORGAN, Acting C.J., HENDERSON and MILLER, JJ., and TAPKEN, Circuit Judge, concur.

RONALD K. MILLER, Circuit Judge, for WUEST, C.J., disqualified.

JAY H. TAPKEN, Circuit Judge, for SABERS, J., disqualified.